18 So.2d 554

## DUKE v. WIMBERLY et al.

6 Div. 175.

Supreme Court of Alabama.

June 22, 1944.

Horace C. Wilkinson, of Birmingham, for appellant.

Gibson & Hewitt, of Birmingham, for appellees.

SIMPSON, Justice.

The real question involved is a disputed boundary line between the respective lots of the parties, who are coterminous owners.

■ The evidentiary prerequisites of adverse possession enumerated in Section 828, Title 7, Code of 1940, are therefore inapplicable and are not controlling. Branyon v. Kirk, 238 Ala. 321, 325, 191 So. 345; Mink v. Whitfield, 218 Ala. 334, 335, 118 So. 559.

The appellant, who instituted the suit, contends that the appellees-respondents are unlawfully in possession of a strip across the east side of his property of approximately 10 1/2 feet in width and that there had been no settled boundary line between the properties until a recent survey by the county engineer which established the division line as claimed by appellant. This appeal is from an adverse decree.

The defense rests upon the doctrine of adverse possession and prescription, and it is clear enough from the evidence that the respondents and their predecessors in title have for more than ten years, in fact for about twenty-five years or longer, been in possession of and claimed the land on their side of the line fence. The testimony also affords the clear inference that this actual possession was with the intention to hold and claim the strip of land up to this location as their own. The evidence further tended to show that this fence, erected by the appellees' predecessor in title, had also been recognized as a boundary line fence by the appellant's grantor, who, more than ten years prior to the filing of the present bill, had rebuilt it in its identical location.

■ Under the governing principles in such cases the defense must be ruled as sustained and the trial court affirmed as correct in denying relief.

■ "Whether the possession to a given location is adverse is one of intention. If it was so held because he (the possessor) considered it his own, and claimed it as his own, it is hostile though he does not suppose he is claiming more than he owns; and that such claim is by a mistake of fact. It is not necessary for one to know that he is claiming the property of another when he is in the actual possession of it to make such possession adverse to the true owner. If he is in the actual possession with the intention to hold it and claim it as his own, it is adverse." Branyon v. Kirk, 238 Ala. 321, 325, 191 So. 345, 348.

This sums up the situation in the present case with the added fact that complainant's predecessor in title, over ten years before the suit was instituted, had also apparently recognized this location as the dividing line of the properties by erecting a "tall fence" on the same line. Hancock v. Warren, 235 Ala. 180, 177 So. 907.

Other sustaining authorities are: Brantley v. Helton, 224 Ala. 93, 139 So. 283; Barbaree v. Flowers, 239 Ala. 510, 196 So. 111; Smith v. Bachus, 201 Ala. 534, 78 So. 888.

■ The decree of the trial court can also be sustained under the doctrine of prescription, where, as here, there has been possession up to the line fence for a period of twenty years without recognition of adversary right or admission of liability. Such lapse of twenty years "operates an absolute rule of repose." Kidd v. Borum, 181 Ala. 144, 161, 61 So. 100, 106 Ann.Cas. 1915C, 1226; Kidd v. Browne, 200 Ala.

299, 303(8), 76 So. 65; Long, Adm'r, v. Parmer, 81 Ala. 384, 388, 1 So. 900.

In our view the decree of the trial court was proper.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur