· 93 So.2d 413

**Bessie Fannie MOTLEY et al.**

**v.**

**Blossom CRUMPTON.**

**5 Div. 652.**

Supreme Court of Alabama.

Jan. 17, 1957.

Rehearing Denied March 7, 1957.

Glen T. Bashore and Walter C. Hayden, Jr., Clanton, for appellants.

Alvin B. Foshee, Clanton, for appellee.

MERRILL, Justice.

The appellants filed a bill to quiet title to the S ½ of NE ¼ of NW ¼, Section 34, Township 21, Range 12 in Chilton County. The respondent filed a cross bill claiming to own about four acres in the northeast corner of the tract and claiming that her south boundary line is a branch which crosses the north and east lines of the twenty acres. Respondent claimed adverse possession of the four acres for over twenty years.

The trial court granted relief by quieting title in complainant to all the land south of the branch but denied relief as to the four acres north of the branch and decided that the boundary line was the branch as contended by respondent.

Appellants argue two propositions, the first being that, under the circumstances of this particular case, no presumption is indulged as to the correctness of the decree of the trial court. The second contention is that "there is insufficient legal evidence to support the trial court's decree on either the appellant's bill or the appellee's cross bill."

We need not discuss the first contention of appellant because of our decision as to

the second proposition, which in this case, becomes largely a question of fact.

We have carefully examined the evidence in consultation and are of the opinion that the weight and preponderance support the decree of the trial court. We make no attempt to recite or discuss all of it, but we do state some of the tendencies of the evidence which demonstrate the correctness of the decree.

In 1914, Dave Nichols went into possession of lands, including the N ½ of NE¼ of NW ¼ and the four acre tract in dispute in Section 34. His south boundary was the branch, found by the court to be the boundary line between the parties to this suit. The branch is in a deep ravine and its course has not changed through the years because of hills on each side of it.

In 1917, Dave Nichols built a two room house on the disputed tract and his son lived in it for about six months. The house remained there for something like three years and was then moved to the Nichols' homeplace and was added thereto. Dave Nichols moved away in 1922 and Cal Foshee began looking after the property for him. Foshee rented to various tenants until Nichols sold the property to appellee on July 22, 1929. Foshee continued to look after the property for appellee up to the time of the trial and continued to rent the place to tenants, one of whom stayed there for fifteen years. These tenants cultivated part of the disputed tract, got firewood off it, fenced it, and used the spring on it for their source of water. Foshee testified that he sold some of the pulpwood cut off the property to B. B. Motley, the deceased husband, father and grandfather of appellants.

Motley purchased lands adjacent to, and south of the Nichols place on December 8, 1919. His deed called for the S ½ of NE ¼ of NW ¼ of Section 34, which would include the small tract in dispute. It is this deed under which appellants claim title. But there is evidence that the branch was the recognized boundary between Nichols and Motley's predecessor in title, and the great preponderance of the evidence negatives the claim that appellants ever went into possession of the disputed tract, or ever asserted any claim to it prior to 1947 when this suit was instituted.

The deed from Dave Nichols to appellee conveyed the N ½ of the NE ¼ of NW ¼ of Section 34, and an attachment to the deed states that it was his purpose to convey all the land he owned, known as the Nichols place, in Sections 27 and 34 lying north of the branch. There was much evidence showing that the Nichols' place had always extended to the branch.

We think the recital of the foregoing is sufficient to show that appellants were not entitled to relief. An allegation of ownership in complainant's statutory bill to quiet title, which is denied in the answer, as here, places on complainant the burden of proving ownership in addition to peaceable possession. Wylie v. Lewis, 263 Ala. 522, 83 So. 2d 346; Adams v. Pearce, 218 Ala. 525, 119 So. 236. It is further established that under a bill to quiet title pursuant to the statute, Tit. 7, § 1109, Code 1940, the complainant must have the quiet and peaceable possession, actual or constructive, as distinguished from a contested, scrambling or disputed possession. Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562; Webb v. Griffin, 243 Ala. 468, 10 So.2d 458. Under the facts delineated supra, complainants proved neither ownership nor peaceable possession, unless it be believed, as contended by complainants, that all of these acts by different tenants over a period of some thirty years were merely permissive. This contention did not impress the trial court and we too, in view of all the evidence, are constrained to reject it.

In proceedings of this type, where it appears that title to a part of the land is in the complainant, and title to the remainder is in the respondent, the court should properly enter a decree accordingly. Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194(2). This is exactly

what the trial court did, and its findings are supported by the evidence.

■ But appellants contend that neither Dave Nichols nor appellee ever had color of title to the disputed tract. Assuming, without conceding, this to be true, the great weight of the evidence is that Nichols went into possession of the tract in 1914, claiming to own it; that such status existed when B. B. Motley became a coterminous owner in 1919, that Nichols effected a transfer of his possession to appellee in 1929, and that possession and claim of ownership continued unchallenged by Motley or his heirs until 1947, twenty-eight years after Motley became a coterminous owner under a deed embracing the disputed property. Tacking the adverse possession of Nichols with that of appellee would give an adverse possession to appellee for more than the prescriptive period, and the principle of law applicable is that if her possession is tacked to that of Nichols, it is not necessary that she have a conveyance from Nichols embracing the particular strip, because her possession can be tacked without the necessity of such a conveyance. As stated in Spires v. Nix, 256 Ala. 642, 57 So.2d 89, 91:

"* * * This principle has been declared in several of our cases, the first of which seems to have been Holt v. Adams, 121 Ala. 664, 25 So. 716, and Oliver v. Williams, 163 Ala. 376, 50 So. 937. Those cases hold that in order to establish continuity of adverse possession which will ripen into title, it is not necessary that there be a conveyance by the prior possessor to the one subsequently claiming possession, such as would be necessary to convey the legal title because 'the privity required to establish continuity of adverse possession which will ripen into title may be effected by any conveyance or agreement, written or verbal, which has for its object a transfer of the rights acquired under the original entry. A transfer of possession alone, without written evidence of the transfer, is sufficient to create privity.' * * *"

This adverse possession for over twenty years was sufficient to establish a title by prescription in appellee. Gantt v. Phillips, 262 Ala. 184, 77 So.2d 916. The decree is. due to be affirmed.

Original opinion withdrawn in part and' this opinion substituted.

Affirmed, and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, and STAKELY, JJ., concur.