314 So.2d 65

**Ralph CARPENTER and Dorothy Carpenter**

v.

**Lizzie HUFFMAN.**

**SC 1029.**

Supreme Court of Alabama.

June 5, 1975.

Owen & Ball, Bay Minette, for appellants.

Chason Stone, Chason & Partin, Bay Minette, for appellee.

JONES, Justice.

This case involves a boundary line dispute between coterminous landowners, Ralph and Dorothy Carpenter (appellants) and Lizzie Huffman (appellee). The land in question is a forty-foot wide strip which runs along the south border of the Carpenters' land and the north boundary of Mrs. Huffman's land. Although the deeds of the two parties are in accord as to their common boundary line, the disputed strip, which Mrs. Huffman claims by adverse possession, begins at the common record boundary and extends 40 feet into the property described in the Carpenters' deed.

After a hearing on the evidence, the trial Court decreed that the true boundary line between the properties of the parties was forty feet north of that shown in the deeds of the parties, thus vesting title in the disputed strip in Mrs. Huffman.

The agreed statement of facts indicates that Phil Alexander, the brother of Mrs. Huffman, bought four acres of land, which included the disputed strip, in 1948; but he did not receive a deed to it until 1953. He fenced in the four acres, running the fence along what he believed to be the correct property line, though in actuality the fence line was incorrectly some 40 feet north of his true boundary.

In 1959, he sold one-half acre to Mrs. Huffman and her northern boundary line was placed along the fence which Alexander had erroneously erected earlier. At that time Mrs. Huffman built a house on the one-half acre, half of which was on the disputed strip. A portion of the fence on her northern border was removed during the construction of her house. Also, a driveway was built which ran across the strip in question and a pump was placed in one of the old fence postholes. In 1968, she conveyed the property back to Alexander who in turn reconveyed it to her in 1971.

At the time the Carpenters purchased their property, the pump, the driveway, and a portion of the fence were standing. Their grantor informed them that "the fence was in the wrong place," so they had a survey made which showed, as did the original deeds, the true boundary line as 40 feet south of the old fence and running through the middle of Mrs. Huffman's house. This action was commenced on April 10, 1974, when Mrs. Huffman refused to sign an agreement to have her house moved.

This appeal presents the issue whether there is sufficient evidence to sustain the

trial Court's holding of privity of possession between Mrs. Huffman and her brother to allow her to tack her periods of possession onto his in order to establish title in Mrs. Huffman to the disputed strip by adverse possession. Because the facts are virtually undisputed, the essence of our function is to determine whether the trial Court correctly applied the law to those facts.

We hold that there was sufficient privity of possession to allow tacking and affirm the decision of the lower court establishing the boundary line between the parties.

■ Our adverse possession statute, Tit. 7, § 828, Code of Alabama 1940 (Recomp.1958), provides that it does not apply to cases involving a question as to boundaries between coterminous owners. The three alternative prerequisites 1) deed or other color of title, 2) annual listing of land for taxation, or 3) title by descent cast or devise from a predecessor, therefore, are not necessary to sustain a claim to title by a coterminous owner. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423 (1964). That is to say, although the claimant is relieved of these three alternative conditions prescribed by § 828, he may still acquire title by the exercise of adverse possession for a period of ten years. Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971); Lay v. Phillips, supra; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160 (1954). However, the requirements that possession be open, notorious, hostile, continuous and exclusive are still applicable. Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966).

As summarized in *McNeil,* supra, the general rule is:

"If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuance period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken."

The Carpenters cite Wilson v. Cooper, 256 Ala. 184, 54 So.2d 286 (1951), as authority for their contention that Mrs. Huffman should not be allowed to "tack" her period of possession onto that of her predecessor in order to achieve the minimum ten-year period required to gain title by adverse possession. *Wilson* stated that a party claiming title by deed which describes the land conveyed by government numbers could not acquire title to a disputed area beyond the government line which his predecessors in title had acquired by adverse possession.

■ We agree that ordinarily title to land gained by adverse possession must be included in the deed of conveyance in order for it to effectively pass to the grantee. But where, as here, the predecessors of Mrs. Huffman had not yet gained title to the disputed strip at the time of their conveyance to her but had possessed it adversely, the failure to include in the deed the description of the disputed strip would not of itself disallow tacking. The rule is aptly summarized in Graham v. Hawkins, 281 Ala. 288, 202 So.2d 74 (1967), quoting from 3 Am.Jur.2d, Adverse Possession, § 65, p. 156:

"* * * Thus, where a person having title by deed to a lot or tract of land described in the deed also has inclosed with it and is in possession of adjoining land to which he has no record title, and conveys the land by the description in the deed and delivers with it possession of the entire inclosure, the continuity of possession will not be broken, and the two possessions may be joined and considered as one continuous possession. So, where a purchaser of land incloses and occupies a tract outside his boundaries, believing it to be included therein, and in that belief conveys to another by the same description, intending that the

grantee shall take the whole inclosed area, his possession may be tacked to that of his grantee. * * * "

Thus, *Graham* stands for the applicable proposition that when the grantee is put into actual possession of the disputed land adversely held by his immediate grantor, sufficient privity is established to allow tacking. See also Withers v. Burton, 268 Ala. 365, 106 So.2d 876 (1958); Motley v. Crumpton, 265 Ala. 565, 93 So.2d 413 (1957); Spires v. Nix, 256 Ala. 642, 57 So.2d 89 (1952).

The facts of this case fall squarely within the *Graham* rule and the trial Court was correct in holding that the disputed strip should remain with Mrs. Huffman and not belong to the Carpenters.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.