[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 618 
Robert Kerlin appeals from a judgment finding that the plaintiff, Tensaw Land Timber Company, had acquired title to land situated in Mobile County by adverse possession. We reverse.
The five-acre tract of land in question is described as Lot 8, Block 1, of the Calvert Demonstration Plantation. Robert Kerlin, a resident of Pittsburgh, Pennsylvania, is the record title holder of the land. Kerlin took title by deed from his mother, who had inherited the land from her brother, Charles Stoddard. Stoddard purchased the land from the Demonstration Plantation Company in 1918, and he and his successors in title have paid taxes on the land since 1918.
The Demonstration Plantation Company was created as a promotional endeavor to sell tracts of land. This idea was unsuccessful and the company collapsed in 1925, at which time the ownership of the unsold property reverted to R.M. Boykin. The Kerlin property is surrounded by property which reverted to Boykin. R.M. Boykin conveyed his Demonstration Plantation holding in 1949 to his brother, Charles Boykin, who held the property until 1951, when it was conveyed to Tensaw. In 1956 Tensaw leased its holding to St. Regis Paper Company.
St. Regis planted trees over the entire plantation, including the Kerlin lot, as part of a tree farming operation. Core samples introduced into evidence at trial indicate the trees were planted over twenty years prior to the institution of this action. The trial court, hearing testimony ore tenus, found that the nature of Tensaw's possession was such as to put a reasonable person on notice of the possession and its adverse nature, and that Tensaw had acquired title by adverse possession.
In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See, Fitts v. Alexander, 277 Ala. 372,170 So.2d 808 (1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410,142 So.2d 660 (1962).
Boundary disputes are subject to a unique set of requirements that is a hybrid of the elements of adverse possession by prescription and statutory adverse possession. In the past there has been some confusion in this area, but the basic requirements are ascertainable from the applicable case law. In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years. See, Reynolds v. Rutland, 365 So.2d 656 (Ala. 1978);Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975); Smithv. Brown, 282 Ala. 528, 213 So.2d 374 (1968); Lay v. Phillips,276 Ala. 273, 161 So.2d 477 (1964); Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554 (1944); Smith v. Bachus, 201 Ala. 534,78 So. 888 (1918). But see, Davis v. Grant, 173 Ala. 4, 55 So. 210
(1911). See also Code 1975, § 6-5-200 (c). The rules governing this type of dispute are, in actuality, a form *Page 619 
of statutory adverse possession. See Code 1975, § 6-5-200 (c);Berry v. Guyton, 288 Ala. 475, 262 So.2d 593 (1972).
In the case before us today, we are dealing strictly with adverse possession by prescription. While there are certain similarities between the case at hand and a boundary line dispute, this controversy is distinguishable, since Tensaw is claiming Kerlin's entire lot rather than seeking merely to alter a boundary line. Tensaw does not claim to come within the statutory requirement of color of title, for even though earlier deeds in its chain of title included the property, Tensaw's deed did not. Because of the foregoing facts, the parties stipulated at trial that this is a case of prescriptive adverse possession.
Tensaw's physical possession of the disputed tract only extended from 1951, when it acquired the surrounding property from the Boykins, until 1956, when it leased the surrounding property to St. Regis. In order to meet the twenty-year requirement for adverse possession by prescription, either the possession of the Boykins, Tensaw's grantors, must be tacked to that of Tensaw, or the acts of St. Regis, Tensaw's lessee, must inure to the benefit of Tensaw. In order for either of these things to occur, the Boykins' possession and St. Regis's possession must also be adverse to Kerlin's title. See,Murphree v. Swann, 342 So.2d 329 (Ala. 1977); Acker v. Green,224 Ala. 134, 138 So. 820 (1932); Hoyle v. Mann, 144 Ala. 516,41 So. 835 (1905).
Although efforts to obtain deeds from other claimants to property do not disprove the adverseness of a possession,Foster v. Foster, 267 Ala. 90, 100 So.2d 19 (1958); Bailey v.Bond, 237 Ala. 59, 185 So. 411 (1938), efforts to buy the property from the record owner constitute acknowledgment of his superior title, and thus do disprove the adverseness, since there is then no claim of right. Kittrell v. Scarborough,287 Ala. 155, 249 So.2d 814 (1971). R.M. Boykin, the owner of the surrounding Demonstration Plantation land after the collapse of the venture in 1925, made two offers to buy the property, one in 1945 on his own behalf, and one in 1949 on behalf of his brother, Charles Boykin, to whom he had conveyed the property that same year. As late as 1949, therefore, the possession by the Boykins was not adverse, and while there is no evidence that Charles Boykin subsequently became an adverse possessor, any adverse possession commencing after 1949 would not, coupled with Tensaw's possession, add up to the requisite twenty years. Therefore, in order for Tensaw to have adversely possessed the disputed property for twenty years, St. Regis's actions as to the disputed property must inure to the benefit of Tensaw.
Tensaw leased the Demonstration Plantation land surrounding Kerlin's lot to St. Regis in 1956. The lease was not entered into evidence at trial, nor did Tensaw offer any testimony as to the contents of the lease. When a party claims title to land by way of adverse possession, the presumption is in favor of the record owner, and a heavy burden of proof rests on the one claiming by adverse possession. Knowles v. Golden StreamFishing Club, Inc., 331 So.2d 253 (Ala. 1976); Murphy v.Leatherwood, 221 Ala. 61, 127 So. 843 (1930); Lucy v. Tennessee C.R.R., 92 Ala. 246, 8 So. 806 (1890). While the acts of a tenant inure to the benefit of his landlord where the landlord is an adverse possessor, Alabama State Land Co. v. Hogue,164 Ala. 657, 51 So. 320 (1909); Elliott v. Dycke, 78 Ala. 150
(1884), there is no evidence that Tensaw was St. Regis's landlord as to the lot owned by Kerlin. In a case of adverse possession by prescription that does not involve a mere boundary dispute, in order for the acts of a tenant to inure to the benefit of his landlord, the landlord must have actually leased the disputed land to the tenant. Although we have in the past been willing to alter the boundary line between coterminous landowners where the tenant has fenced a narrow strip of his neighbor's property and occupied it for the period of time required by law, Motley v. Crumpton, 265 Ala. 565,93 So.2d 413 (1957), we have never extinguished a property owner's entire holding because of acts of a lessee of *Page 620 
adjoining property, nor will we now. To do so would be to extend our law of adverse possession beyond the bounds of fairness. Although an adverse possessor may possess through acts of a tenant to land he had actually leased to the tenant,Alabama State Land Co. v. Hogue, 164 Ala. 657, 51 So. 320
(1909); Elliott v. Dycke, 78 Ala. 150 (1884), as well as alter his boundary line by the possession of his tenant, Motley v.Crumpton, 265 Ala. 565, 93 So.2d 413 (1957), the controversy before us falls within neither of these categories, and they will not be extended to cover it.
REVERSED AND REMANDED.
MADDOX, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
JONES, J., not sitting.