This is a boundary line dispute in which adverse possession is the fulcrum issue.
The complaint by which this action was instituted alleged that plaintiffs, the Davises, had, in 1977, purchased a certain tract of land in Russell County which was conveyed to them by warranty deed; that defendant, Thomas, was an adjoining landowner; and that a dispute had arisen between the parties regarding the true boundary line between their respective properties. One of *Page 890 
the conclusions drawn by the trial court in its final judgment was:
 "That the conveyances to the plaintiffs and defendant do not show a common or abutting line between them as the properties are described, but that the defendant is claiming by adverse possession."
The basis of this conclusion is evident in Plaintiff's Exhibit Six, a composite property map of certain portions of Section 35, Township 15 North, Range 30 East, in Russell County. The pertinent portion of that map has been reproduced as an appendix to this opinion.*
In 1948, Thomas purchased land, conveyed by warranty deed, in the SE 1/4 of Section 35. The land described in Thomas's deed is represented on the map by the shaded area labelled "THOMAS DEED". It can be seen that no part of that tract is contiguous with any part of the land described in the Davises' deed, represented by the shaded area labelled "DAVIS DEED". However, Thomas also claims ownership by adverse possession of all land shown crossed by diagonal lines.
The southern boundary of the land deeded to the Davises is the east-west line dividing the N 1/2 of the SE 1/4 from the S 1/2 of SE 1/4, located by the arrow leading from the words "POINT OF BEGINNING". Just north of and parallel to that line is a broken line indicating the northern boundary claimed by Thomas under his asserted adverse possession.
As is apparent, a small strip of the land which Thomas claims by adverse possession lies within the property deeded to the Davises. It is only that strip of land, lying between the broken line claimed by Thomas as his northern boundary and the east-west line described by the Davises' deed as their southern boundary, to which both parties claim ownership in this action. However, the parties also attach significance to the remainder of the land which Thomas claims by adverse possession.
Although the Davises initially filed this action as a suit between coterminous landowners, they have taken the position at trial and on appeal, after learning of the description contained in Thomas's deed, that this is a simple adverse possession case rather than a boundary line dispute involving a question of adverse possession. Thomas, on the other hand, claims to be a coterminous landowner by virtue of having adversely possessed land adjoining the southern boundary of the property deeded to the Davises.
The importance of the distinction between a case of simple adverse possession and a boundary line dispute involving adverse possession was treated in Kerlin v. Tensaw Land Timber Company, Inc., 390 So.2d 616 (Ala., 1980), as follows:
 "In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962). *Page 891 
 "Boundary disputes are subject to a unique set of requirements that is a hybrid of the elements of adverse possession by prescription and statutory adverse possession. In the past there has been some confusion in this area, but the basic requirements are ascertainable from the applicable case law. In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years. See, Reynolds v. Rutland, 365 So.2d 656 (Ala. 1978); Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975); Smith v. Brown, 282 Ala. 528, 213 So.2d 374 (1968); Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554 (1944); Smith v. Bachus, 201 Ala. 534, 78 So. 888 (1918). But see, Davis v. Grant, 173 Ala. 4, 55 So. 210 (1911). See also Code 1975, § 6-5-200 (c). The rules governing this type of dispute are, in actuality, a form of statutory adverse possession. See Code 1975, § 6-5-200 (c); Berry v. Guyton, 288 Ala. 475, 262 So.2d 593 (1972)."
Thomas also cites cases containing language to the effect that a coterminous landowner's intent to adversely possess may originate with his mistaken belief regarding the true boundary line between his and another's properties. Robertson v.Fincher, 348 So.2d 466 (Ala. 1977); Kubiszyn v. Bradley,292 Ala. 570, 298 So.2d 9 (1974).
We are of the opinion, however, that this distinction, with which these parties grapple, bears no significance to the outcome of this case. The trial court concluded that "the south line of the property owned by plaintiffs, Jack D. Davis and Audrey F. Davis, is that line described in the deed executed to them . . . and as shown and established in Plaintiff's Exhibit Six. . . ." It is implicit in this finding that Thomas failed to prove adverse possession of the disputed strip of land lying within the boundaries described by the Davises' deed.
In arriving at its decision the trial court made no express finding as to whether or not Thomas proved ownership through adverse possession of any land lying south of the southern boundary described in the Davises' deed, and thus established his status as coterminous landowner with the Davises. Neither do we consider it necessary to make that determination.
In the absence of specific findings of fact by the trial court, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. O'Connor v. Rabren,373 So.2d 302 (Ala. 1979); Lipscomb v. Tucker, 294 Ala. 246,314 So.2d 840 (1975).
The record contains ample evidence to support the trial court's judgment that Thomas did not prove adverse possession of the strip of land disputed in this action, even if it be assumed arguendo that Thomas established adverse possession of the remaining lands and was therefore entitled to contest ownership of the disputed strip under the more advantageous rules governing adverse possession by a coterminous landowner.
The acts which Thomas claims constituted adverse possession by him consisted of cutting and selling timber, planting cotton, and selling sand and gravel and rights-of-way to Central of Georgia Railroad, from the land he claims by adverse possession, and paying taxes on the same.
However, it is quite evident from the testimony and exhibits that the sand and gravel were sold only from that portion of the land claimed by Thomas which is not disputed in this action. (See Appendix for location of gravel pit.) Additionally, counsel for Thomas stipulated at trial that the tax assessments which Thomas had paid since 1948 covered only the property described in his deed (Shown on Appendix).
Examination of the evidence of the remaining acts offered to establish adverse *Page 892 
possession shows that Thomas testified he cut and sold timber from the disputed strip of land on two occasions during the period of his claimed possession, dating from 1948 to the present. Such isolated incidents of timber cutting fail to establish the dominion over property necessary to establish adverse possession. Lay v. Phillips, 276 Ala. 273,161 So.2d 477 (1964).
 "[B]ecause adverse possession divests title from the record titleholder, a very strict burden of proof rests upon the party claiming title by it. . . . Rare and widely separated acts do not satisfy this burden; they constitute mere transistory trespasses."
Courtney v. Boykin, 356 So.2d 162 (Ala. 1978).
Furthermore, the evidence presented by Thomas concerning timber cutting, crop planting and selling rights-of-way on the disputed strip was directly contradicted by the testimony of Jack Davis and two of his predecessors in title, Frank and Robert Howard, whose family had owned from 1850 to 1974, the property deeded to the Davises in 1977. The conflict in the testimony presented was a matter to be reconciled by the trier of fact, in this case the trial court taking evidence oretenus.
Where the trial court has heard the evidence ore tenus, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust. Leslie v. Pine Crest Homes,Inc., 388 So.2d 178 (Ala. 1980); Gertz v. Allen, 376 So.2d 695
(Ala. 1979). This rule is especially applicable in cases where the trial court makes its findings of fact after hearing conflicting evidence; every presumption is indulged in favor of the court's findings of fact and those findings will not be disturbed unless palpably wrong. Leslie v. Pine Crest Homes,Inc., supra; Vance v. Alliance Community Center, 374 So.2d 312
(Ala. 1979).
This is so because the trier of fact, the trial court without a jury, unlike an appellate court later reviewing the matter from a written record, occupies a position of peculiar advantage enabling it to see and hear firsthand the evidence as it is presented. From that vantage point the trier of fact can observe the demeanor of the witnesses, listen to the inflections and intonations of their voices during oral testimony, and study their eyes, facial expressions, and gestures — all of these sensory perceptions which play a critical role in the factfinder's determination of which witnesses are to be afforded credibility when conflicting testimony is given. Consequently, this court will rarely disturb the judgment of the trial court in a boundary line dispute or adverse possession case which turns on issues of disputed facts.
As no manifest error is apparent in the record, which contains ample evidence supporting the trial court's final judgment, that judgment is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 893 
[EDITORS' NOTE: APPENDIX IS ELECTRONICALLY NON-TRANSFERRABLE.]
* For illustrative purposes only, we have added to the reproduction of Plaintiffs' Exhibit Six diagonal lines representing the land which Thomas claims by adverse possession, a broken line representing the disputed boundary line claimed by Thomas, and a continuous meandering line which encloses an area representing a gravel pit. These additional lines have been added merely to assist the reader in understanding the nature of this suit, and should not be interpreted as representing the exact locations or scale of the areas which they depict. *Page 894