This appeal is a "boundary line" case. The only issue before us is whether the judgment of the trial court, establishing the "old fence row" as the true boundary line, was contrary to the weight of the evidence and the law. The Court found for the defendant. We affirm.
The plaintiff-appellant, Clydis Johnson, owns lot six in block ten of the Coffee Addition in Moulton. Defendants-appellees Freeman Brewington and his wife, Georgia Brewington, own lot five in block ten of the Coffee Addition. There is no dispute as to the ownership of the lots. The dispute involves the ownership of a strip of land between them. In 1976, the Brewingtons purchased lot five from Freeman Brewington's aunt, Zelma Borden, who derived her title in 1963 under the provisions of the will of her father, John Brewington. John Brewington purchased lot five from Kirk Owens in 1956. There was testimony that John Brewington and his predecessors in interest had cultivated, pastured and/or used the lot and the disputed strip for a sawmill since 1938. There was also testimony that a fence was built or rebuilt around 1938 between the two lots, enclosing the disputed strip with lot five, and that this fence was considered to be the boundary line of the two lots.
The plaintiff derived her title to lot six under the provisions of the will of her mother, Daisy Owens, in 1973. Daisy Owens's husband, Kirk Owens, purchased lots five and six in 1946. As stated above, Kirk Owens sold lot five to John Brewington in 1956.
The plaintiff offered testimony that no fence had ever existed between the two lots. She testified that the portions of an old fence shown in a photograph offered as evidence by the defendants were the remains of an old hog pen built by her father.
The trial court saw and heard those who testified without a jury. In such cases, in which the trial court makes its findings of fact after hearing conflicting evidence, every presumption will be indulged in favor of the trial court's findings, and the findings will not be disturbed on appeal unless clearly erroneous, or manifestly unjust. Gulledge v.Frosty Land Foods International, Inc., 414 So.2d 60 (Ala. 1982), Thomas v. Davis, 410 So.2d 889 (Ala. 1982); See Tannerv. Thompson, 376 So.2d 697, 698 (Ala. 1979). We have examined the record and found sufficient evidence to support the trial judge's order finding the dividing line to be the "old fence row."
This is a case involving a boundary line dispute between the owners of two lots. It is not a case of statutory adverse possession as was presented in McCallister v. Jones,432 So.2d 489 (1983).
Under Alabama law there are two types of adverse possession; statutory adverse possession and adverse possession by prescription. Code 1975, § 6-5-200; Kerlin v. Tensaw Land Timber Co., Inc., 390 So.2d 616 (Ala. 1980). Boundary line disputes which are subject to a unique set of requirements that are a hybrid of the elements of statutory adverse possession and adverse possession by prescription, require only a ten-year period of possession. Kerlin, supra. The rules involved in deciding boundary disputes are similar to those involved in determining statutory adverse possession. Code 1975, § 6-5-200,Kerlin, supra, Berry v. Guyton, 288 Ala. 475, 262 So.2d 593
(1972). The coterminous owners in a boundary dispute "may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years." Kerlin at 618, supra.
The possession must be hostile, open, continuous and exclusive. Mardis v. Nichols, 393 So.2d 976 (Ala. 1981).
Finally, the coterminous owner may rely on the adverse possession of his predecessor(s) *Page 66 
in title in order to gain entitlement to the disputed strip.Mardis, supra, Watson v. Price, 356 So.2d 625 (Ala. 1978).
 "For the purpose of effecting title by adverse possession, where all the traditional elements are present, tacking of periods of possession by successive possessors is permitted against the coterminous owner seeking to defeat such title, unless there is a finding, supported by the evidence, that the claimant's predecessor in title did not intend to convey the disputed strip. We hold that this rule should apply even though the conveying instrument contains no legal description of the property in question, and irrespective of the period for which the property was possessed by the present claimant's predecessor in title."
Mardis, supra, at 978, quoting Watson, supra.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.