This is an appeal from a judgment entered in a boundary line dispute between coterminous landowners. We affirm.
At the outset we note that this case was tried ore tenus, and the trial court's findings of fact are presumed to be correct and will not be disturbed on appeal if supported by credible evidence. Hamade v. Combs, 505 So.2d 320 (Ala. 1987) (citingSmith v. Nelson, 355 So.2d 359 (Ala. 1978)).
The dispute involves a 1.36-acre strip of land in Morgan County, Alabama. The entire strip of disputed property is in the West 1/2 of the Northwest 1/4 of the Northwest 1/4 of Section 25, Township 6 South, Range 3 West (hereinafter "West Parcel"), and that disputed strip extends 1320 feet North and South along the eastern boundary line of the West Parcel. Cain Road is the western boundary of the disputed property, and this strip of land is approximately 65 feet wide at the North end and approximately 25 feet wide at the South end.
About 1915, Morgan County obtained a right-of-way for a road that later became known as Cain Road. The right-of-way was described as lying "on the west side of the east one half of the Northwest one quarter of the Northwest one quarter." This description indicates that Cain Road ran North and South along the one-eighth section line and was the boundary line to the property. In 1981, Crowden had the property surveyed, and was informed that Cain Road was west of the actual government survey one-eighth section line.
Crowden, the defendant below, claims title to the disputed property by deed description and by adverse possession since March 20, 1958. Crowden's deed describes the West Parcel, which contains all of the disputed property.
The Grantlands, the plaintiffs below, claim title to the disputed property by adverse possession for more than 10 years and by tacking the periods of possession of their predecessors in title. The Grantlands' deed, executed in 1970, describes the East 1/2 of the Northwest 1/4 of the Northwest 1/4 (hereinafter the "East Parcel").
The Grantlands' immediate predecessor in title had acquired the property by descent from the Neal family, which had owned the East Parcel since the 1920's. The Grantlands presented witnesses who testified that the Neal family had been in actual possession of the disputed property and had claimed all of the property up to Cain Road. Additionally, former tenants testified that they had rented houses on the disputed property from the Neal family and had used all of the property East of Cain Road. It is not necessary to physically reside upon the property in order to adversely possess it, May v. Campbell,470 So.2d 1188 (Ala. 1985), and the acts of a tenant will inure to the benefit of the landlord and the landlord may alter boundary lines through the possession of his tenant. Kerlin v. TensawLand Timber Co., 390 So.2d 616 (Ala. 1980).
The trial court properly found that by the 1930's, the Neal family had acquired perfect title to the disputed parcel by adversely possessing the property up to Cain Road for 10 years. There was evidence to support the finding that the Neal family's possession of the property was actual, open, hostile, continuous and exclusive for 10 years, and that the holders of paper title had acquiesced in the possession *Page 240 
of the property by the Neal family. Long recognition and acquiescence by adjoining landowners raise the presumption that the land up to the road was held adversely. Lilly v. Palmer,495 So.2d 522 (Ala. 1986). Once title vested in the Neal family, they did not have to continue adversely possessing the property in order to retain title to the property. Roberts v. Mitchell,437 So.2d 512 (Ala. 1983). The Neal family's title could be divested only by their conveying the property or by losing the property to another adverse possessor. Roberts, supra.
In 1958, when Crowden received his deed to the West Parcel, title to the disputed property had long since been vested in the Neal family. Some of Crowden's predecessors in title testified that they had never claimed ownership of any property east of Cain Road. Therefore, Crowden could not have obtained title to the disputed property described in his deed because his grantors had no title that they could convey. Graham v.Hawkins, 281 Ala. 288, 202 So.2d 74 (1967).
The only evidence offered by Crowden to support his claim of adverse possession was testimony that he had paid taxes on the disputed property and that he had occasionally mowed it. The trial court correctly ruled that sporadically going upon the land is insufficient to establish exclusive and adverse possession. Cockrell v. Kelley, 428 So.2d 622 (Ala. 1983). Additionally, the payment of taxes is not per se dispositive on the question of adverse possession; it must be accompanied by possession that is actual, open, notorious, hostile, exclusive, and continuous. Calhoun v. Smith, 387 So.2d 821 (Ala. 1980).
In 1970, Mr. Grantland attempted to persuade Crowden to execute an agreement establishing Cain Road as the boundary line. Crowden refused to execute this agreement and now argues that Mr. Grantland's recognition of Crowden's claim conclusively establishes Crowden's title to the disputed property. Although efforts to obtain deeds from other claimants to disputed property may be an element tending to disprove adverse possession, Kerlin, supra, Crowden fails to recognize that title to the property had vested in the Grantlands' predecessors in title and that the Grantlands did not have to adversely possess the property in order to acquire title. The Grantlands acquired title to the disputed property by obtaining possession from their grantor, and they could not lose their title by attempting to secure an agreement to establish the boundary line in order to settle the dispute and possibly avoid litigation. Crowden could have acquired title to the disputed property only by adverse possession, and this he failed to prove.
We hold that the trial court correctly concluded that the disputed property was held adversely by the Grantlands and their predecessors in title, and that perfect title is vested in the Grantlands, and that Crowden has no right, claim, or interest in the disputed property. The judgment of the trial court is affirmed.
AFFIRMED.
JONES, ALMON and ADAMS, JJ., concur.
STEAGALL, J., concurs in the result.