STEAGALL, Justice.
Defendants, Clyde and Evelyn Baker, appeal from a judgment in favor of the plaintiffs, Larry Emerson, Laura Emerson, and Jim Crews, in a boundary line dispute between coterminous landowners in which the trial judge ruled that tacking was appropri *512 ate to allow plaintiffs to claim land m question through adverse possession. The only issue before us is whether the trial court erred in its reliance upon the case of Watson v. Price, 356 So.2d 625 (Ala.1978). The Bakers contend that, given the language in Watson v. Price, there was evidence that would support a finding by the trial court that the plaintiffs’ predecessor in title did not intend to convey the disputed strip of land and, therefore, that the allowance of tacking was inappropriate. We disagree.
This action was preceded by a separate suit between the Bakers and Crews wherein the trial court ordered a survey of the Bakers’ property. Upon completion of the court-ordered survey, it was discovered that the Bakers’ property actually extended into what was thought to be the property of the Emersons, coterminous landowners. Subsequently, the Bakers constructed a fence that enclosed the disputed area and efficiently denied the Emersons any access. Thereupon, the Emersons, along with Crews, brought this action for removal of the fence and a determination by the court of the true boundary between the Emer-sons and the Bakers, along with appropriate damages. After conducting an ore ten-us hearing and personally viewing the property in question, the trial court ruled that, pursuant to the holding of this Court in Watson v. Price, supra, tacking of periods of possession by the predecessors of the Emersons gave the Emersons title to the property through adverse possession. The trial court then set the boundary line between the two parcels and ordered the Bakers to remove the fence erected on the disputed property. From the denial of their motion for new trial, the Bakers appeal.
The pertinent passage of Watson v. Price, supra, reads as follows:
“For the purpose of effecting title by adverse possession, where all the traditional elements are present, tacking of periods of possession by successive possessors is permitted against the coterminous owner seeking to defeat such title, unless there is a finding, supported by the evidence, that the claimant’s predecessor m title aid, not intend to convey the disputed strip.”
356 So.2d at 627. (Emphasis added.)
It is the Bakers contention that evidence was presented that would support a finding by the trial judge that the Emersons’ predecessors in title did not intend to convey the disputed strip of property. What the parties did or did not intend was a question of fact to be decided by the trier of fact, in this case, the trial judge. There was testimony in the record pertaining to both sides of this issue. “The trial court saw and heard those who testified, without a jury. In such cases, in which the trial court makes its findings of fact after hearing conflicting evidence, every presumption will be indulged in favor of the trial court’s findings, and the findings [where supported by the evidence] will not be disturbed on appeal unless clearly erroneous, or manifestly unjust.” Johnson v. Brewington, 435 So.2d 64, 65 (Ala.1983). (Citations omitted.) It has also been held that in land line disputes “[t]he presumption of correctness of a trial court’s decision is strengthened when the trial judge views the land in controversy,” as the judge in this case did. Nelson v. Garrard, 403 So. 2d 230, 232 (Ala.1981).
After a thorough examination of the record below, we find sufficient evidence to support the trial judge’s ruling based on Watson v. Price, supra; that ruling was that the Emersons are entitled to the property in question through adverse possession by tacking periods of successive possession. The decision of the trial court as to the intent of the parties in the conveyance of the disputed strip of land was not clearly erroneous or manifestly unjust.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.