MOORE, Judge.
Douglas S. Dickinson and Barbara Dickinson (“the Dickinsons”) appeal from a judgment of the Shejby Circuit Court (“the trial court”), entered on April 10, 2014, determining that James H. Suggs, Ruth E. Suggs, and the .James H. & Ruth E. Suggs Revocable Trust (“the.,Suggses”) had acquired certain property .located in Shelby County from the Dickinsons by adverse possession. We affirm in part and reverse in part.

Procedural History

On June 5,' 2008, the Suggses filed a complaint against' the Dickinsons requesting that the trial court, determine the boundary lines, between their properties *1186 and that it declare that' James and Ruth had adversely possessed a portion of property to which the Dickinsons had title. On September 19, 2008, the Dickinsons filed an answer and a counterclaim seeking to quiet title to the disputed property and asserting claims of slander' of title and conversion.[1] After a' trial and the trial court’s viewing of the property on several different occasions, the trial, court entered a judgment on April 10, 2014, determining that the Suggses had adversely possessed a portion of the property to which the Dickinsons had title. On May 9, 2014, the Dickinsons filed a postjudgment motion; that motion was denied on June 24, 2014. On July 21, 2014, the Dickinsons filed their notice of appeal to the Alabama Supreme Court; that court subsequently transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7.

Standard of Review

“Where a trial court hears ore tenus testimony, as in this case, its findings based upon that testimony are presumed correct, and its judgment based on those findings will be reversed only if, after a consideration of all the evidence and after making all inferences that can logically be drawn from the evidence, the judgment is found to be plainly and palpably erroneous. See City of Birmingham v. Sansing Sales of Birmingham, Inc., 547 So.2d 464 (Ala.1989); King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.198[7]); Robinson v. Hamilton, 496 So.2d 8 (Ala.1986); see, also, Meeks v. Hill, 557 So.2d 1238 (Ala.1990). The trial court’s judgment will be affirmed if there is credible evidence to support the judgment. City of Birmingham v. Sansing Sales of Birmingham, Inc., supra; see, also, American Casualty Co. v. Wright, 554 So.2d 1015 (Ala.1989).... The presumption of correctness is particularly strong in boundary line disputes and adverse possession cases, because the evidence in such cases is difficult for an appellate court to review. Seidler v. Phillips, 496 So.2d 714 (Ala.1986); Wallace v. [Putman], 495 So.2d 1072 (Ala.1986); Drennen Land & Timber Co. v. Angell, 475 So.2d 1166 (Ala.1985); May v. Campbell, 470 So.2d 1188 (Ala.1985).”
Bearden v. Ellison, 560 So.2d 1042, 1043-44 (Ala.1990). The presumption of correctness afforded a trial court’s judgment regarding a property dispute is “further enhanced if the trial court personally views the property in dispute.” Wallace v. Putman, 495 So.2d 1072, 1075 (Ala.1986). “ ‘Questions of law are reviewed de novo.’ ” Butterworth v. Morgan, 22 So.3d 473, 474-75 (Ala.Civ.App.2008) (quoting Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004)).

Discussion

The parties in this case are coterminous landowners. The property that the Suggs-es claimed by adverse possession is two separate and distinct parcels of land described as “parcel 4” and “parcel 5.” Parcel 4 consists of approximately .4 acres, and parcel 5 consists of approximately .8 acres. On appeal, the Dickinsons argue that the Suggses failed to prove the elements of adverse possession as to both parcels.
We initially note that the trial court did not specifically determine which type of adverse possession applied in this case, and the parties are in. dispute on this issue.
‘“In Alabama there are basically two types of adverse possession, these *1187 two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten/years, as opposed to the twenty years required for adverse possession by prescription. [Ala.] Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962).
“ ‘Boundary disputes are subject to a unique set of requirements that is a hybrid of the elements of adverse possession by prescription and statutory adverse possession. In the past there has been some confusion in this area, but the basic requirements are ascertainable from the applicable case law. In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years. See, Reynolds v. Rutland, 365 So.2d 656 (Ala.1978); Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975); Smith v. Brown, 282 Ala. 528, 213 So.2d 374 (1968); Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554 (1944); Smith v. Bachus, 201 Ala. 534, 78 So. 888 (1918). But see, Davis v. Grant, 173 Ala. 4, 55 So. 210 (1911). See also [Ala.] Code 1975, § 6-5-200(c). The rules governing this type of dispute are, in actuality, a form of statutory adverse possession. See [Ala.] Code 1975, § 6-5-200(c); Berry v. Guyton, 288 Ala. 475, 262 So.2d 593 (1972).’
“[Kerlin v. Tensaw Land & Timber Co.,] 390 So.2d [616] at 618-19 [ (Ala.1980) ].
“Although the Alabama Supreme Court has applied the hybrid form of adverse possession described above in true boundary-line disputes, see, e.g., Johnson v. Brewington, 435 So.2d 64, 65 (Ala.1983), it' has held that, when a coterminous landowner is claiming to have acquired all or a significant portion of another coterminous landowner’s land by virtue of adverse possession, (1) the case is an adverse-possession case rather than a boundary-line dispute, (2) the hybrid form of adverse possession does not apply, and (3), therefore, the party claiming adverse possession must prove the 'elements of either statutory ádverse possession or prescriptive adverse possession. See McCallister v. Jones, 432 So.2d 489, 492 (Ala.1983) (holding that, when one coterminous landowner claimed to have acquired ownership of a three- to five-acre portion of the other coterminous landowner’s land, the case was an adverse-possession case to which the hybrid form of adverse possession applicable in boundary-line disputes did not apply); and Kerlin, 390 So.2d at 619 (holding that, when one conterminous landowner claimed to have acquired ownership of the entire lot of the other coterminous landowner, the case was an adverse-possession case to which the hybrid form of adverse possession applicable in boundary-line disputes did not apply).”
Buckner v. Hosch, 987 So.2d 1149, 1152 (Ala.Civ.App.2007).
In the present case, the- Suggses claimed to have adversely possessed a total of 1.2 acres of the Dickinsons’ total 8.6 *1188 acres, including 175 feet of highway frontage. We conclude that parcels 4 and 5 were a “significant portion” of the Dickin-sons’ property and, thus, that the hybrid form of adverse possession did not apply. But see Holifield v. Smith, 17 So.3d 1173, 1178 (Ala.Civ.App.2008) (holding that an “approximately. 1/2-acre, gore does not constitute all or a significant portion of the 20-acre west half [and, therefore,] the case ,, is a true boundary-line dispute”). Because it is undisputed , that the Suggses did not, pay taxes on parcels 4 and 5, we conclude that the 20-year period for adverse possession by prescription applies.

Parcel k

■ Parcel 4 is adjacent to a parcel of land .known as, “parcel 2” on which the Suggses and some, of James and Ruth’s family members had placed various homes and mobile homes. Ruth testified that her husband’s parents, who were the Suggses’ predecessors in title, had placed a large barn and a tractor shed on parcel 4 as early as 1946. James and Ruth’s daughter, Vivian Glenn, testified that James’s father had kept his cows corralled in the barn during the 1950s and that he had also stored corn in the barn. Various Suggs family members testified that they had stored various items in the barn through the years and even up until the time of .the trial and that electricity Unes have been run to the barn. It was undisputed that the barn and the tractor shed still existed on parcel 4, at the time of the trial.
Ruth also testified that her husband’s father had farmed a large garden adjacent to the barn for years. She also testified that he had subsequently used that area as a pasture for his horses and that he had erected a fence for that .purpose. There was testimony indicating that there had been fencing on both sides of the barn.
With regard to the element of actual possession, the Dickinsons argue that the fencing was insufficient to show actual possession. Although the Dickinsons cite several cases in which this court has affirmed a trial court’s determination that no adverse possession had been proven although there was evidence that a fence had been erected by the claimed possessors, there are also cases affirming judgments determining that adverse possession had been proven relying, at least in part, on the erection of a fence on the disputed property. See, e.g., Wadkins v. Melton, 852 So.2d 760, 767 (Ala.Civ.App.2002). In fact, it is well established that “‘[exclusiveness of possession is often evidenced by the erection of physical improvements on the property, such as fences, houses or other structures_’” Strickland v. Markos, 566 So.2d 229, 235 (Ala.1990) (quoting 2 C.J.S. Adverse Possession § 54 (1972)).
With regard to the elements of exclusivity, hostility, and a claim of right, the Dick-insons argue that the Suggses offered to purchase the property from the Dickinsons in the early 2000s, as well as from the Dickinsons’ predecessors in title in 1996. We note, however, that, in Henderson v. Dunn, 871 So.2d 807, 813 (Ala.Civ.App.2001), this court reasoned:
“The trial court determined, and substantial evidence supports the determination, that title to the disputed strip of property had, by way of adverse possession, already vested in Dunn at the time he made the offer of purchase. Therefore, the offer of purchase could not have prejudiced Dunn’s claim to property that he already legally possessed; under such circumstances, th.e offer of purchase may be construed as an attempt to buy peace or to avoid litigation.”
The. trial court in the present case specifically relied on Henderson and determined *1189 “that the Suggs[es] were trying to settle- a dispute in an informal and inexpensive manner, as opposed to an acknowledgment of lack of ownership.” That conclusion is supported by Ruth’s testimony indicating that she had sought to purchase parcels 4 and 5 for a nominal fee after having a survey prepared and seeing that there was an issue regarding the boundary lines. She further testified that her family had continued using parcel 4 even after a sale agreement was not reached. Furthermore, as discussed previously, the evidence supports a determination that James and Ruth and their predecessors in title had adversely possessed parcel 4 for the required 20-year period long before the first offer was extended in 1996. Therefore, we decline to reverse the trial court’s judgment on this point.
The remainder of the Dickin-sons’ arguments focus on the fact that the evidence relevant to the elements of adverse possession were disputed. As noted previously, however, the trial court is in the best position to resolve disputes when ore tenus evidence has been presented. Therefore, we decline to reverse the trial court’s judgment simply because the evidence presented by'the'Suggses was disputed. Bearden, 560 So.2d at 1043-44.
Based on the aforementioned evidence, and considering our deferential standard of review, we cannot conclude that the trial court erred in determining that the Suggses’ and their predecessors’ use of parcel 4 — including the erection and use of the barn and the tractor shed for over 70 years, the farming of the property, the keeping of cattle on the property, and the fencing of the property — constituted actual, hostile, open, notorious, exclusive, and continuous possession for at least 20 years. Rice v. McGinnis, 653 So.2d 950, 950 (Ala.1995). Although the trial court did not determine which type of adverse possession was applicable, the trial court specifically found that the Suggses had satisfied their burden of proving adverse possession of parcel 4 for more than 20 years. Therefore, we affirm the trial court’s judgment with regard to parcel 4.

Parcel 5

Parcel 5 is adjacent to certain property owned by the Suggses on which there is a large lake used for fishing. The property on which the lake is located is separated from Alabama Highway 280 by parcel 5.
With regard to parcel 5, the Dickinsons argue that the trial court erred in considering, certain activity on that parcel by a third party named Adrian Thomas. There was evidence presented at the trial indicating that Thomas had been given permission by the Suggs family to locate a peanut and vegetable stand (“the peanut stand”) on that property and that they had even allowed him to route and use electricity from one of the Suggs family’s houses for his peanut stand. Although there was evidence indicating that the Suggs family had also used parcel 5 for periods, the trial court indicated in its judgment that it had considered Thomas’s use of parcel 5 to inure to the benefit of the Suggses in claiming parcel 5 by adverse possession.
In support of their argument that the trial court erred in considering Thomas’s use to inure to the Suggses’ benefit, the Dickinsons cite Kerlin v. Tensaw Land & Timber Co., 390 So.2d 616 (Ala.1980), in which our supreme court stated:
“While the acts of a tenant inure to the benefit of his landlord where the landlord is an. adverse possessor, Alabama State Land Co. v. Hogue, 164 Ala. 657, 51 So. 320 (1909); Elliott v. Dycke, 78 Ala. 150 (1884), there is no evidence that ■Tensaw was St. Regis’s landlord as to *1190 the lot owned by Kerlin. In a case of adverse possession by prescription that does not involve a mere boundary dispute, in order for the acts of a tenant to inure to the benefit of his landlord, the landlord must have actually leased the disputed land to the tenant.”
390 So.2d at 619. In the present case, there is no evidence indicating that the Suggses leased parcel 5 to Thomas or that they otherwise received any benefit from Thomas’s use of the parcel. Therefore, we conclude that the trial court erred in considering Thomas’s use of parcel 5 to inure to the Suggses’ benefit. Accordingly, we reverse the trial court’s judgment with regard to parcel 5 and remand this cause with instructions to the trial court to reconsider whether the Suggses proved the elements of adverse possession by prescription for 20 years without considering the evidence of use by Thomas.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The pleadings were subsequently amended. Certain third-party pleadings were also filed but were disposed of before the trial and are not at issue in this appeal.