54 So.2d 286

## WILSON v. COOPER.
### 4 Div. 612.

Supreme Court of Alabama.
Oct. 4, 1951.

Douglas Brown and Val L. McGee, Ozark, and Grady Cleveland, Jr., Eufaula, for appellant.

Chauncey Sparks, Eufaula, and M. I. Jackson, Clayton, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a decree in equity fixing the boundary line between coterminous land owners. Title 47, § 3, Code of 1940.

Complainant in the court below, appellant here, claims title, by deed, to the southeast quarter of the southwest quarter of section 4, and the northeast quarter of the northwest quarter of section 9, Range 27, in Barbour County, Alabama. Respondent in the court below claims title, by deed, to the south half of the southeast quarter of section 4, and the north half of the northeast quarter of section 9, Range 27, in Barbour County, Alabama, less and except certain portions thereof not here pertinent. The deeds of both appellant and appellee describe their respective lands by government survey.

The real controversy appears to be whether an old fence or hedgerow coincides with the government survey line dividing the lands of the parties, and if the fence or hedgerow does not coincide with the government survey line, did appellee acquire title, by adverse possession, to the lands between the true government line and the old hedgerow.

A map or plat of the property is on exhibit in the case showing the half section line between the parties, as located by the government survey, and the location of the fence or hedgerow. The area in dispute varies in width from 9 to 24 feet.

The decree of the court below found that the map or plat exhibited, represents the true government survey line, and that the fence or hedgerow was fairly represented on said map or plat. The court then entered a decree establishing the boundary line between the parties; a line equidistant between the government survey line and the fence or hedgerow line.

We are unable to find any evidence in the record to support the decree. In fact, neither party claims that the line established by the trial court is the true boundary line dividing their lands, nor did either party offer evidence to prove that such a line was the true line.

The principles of law here involved are stated in the case of Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409, 410 as follows:

"It is of course well understood that as between respective claimants a boundary line may be established by adverse posses-

sion by which one party may thus acquire land extending to that line which would not otherwise have been his, and thereby may thus cause a strip of land to be attached to his holdings. Brantley v. Helton, 224 Ala. 93, 139 So. 283; Branyon v. Kirk, 238 Ala. 321, 191 So. 345. See Code of 1940, Title 7, section 828, page 713, where the cases are cited. This statute does not prescribe a limitation on the right acquired by the twenty year prescription period of adverse possession. Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Smith v. Smith, 213 Ala. 670, 106 So. 194; Earnest v. Fite, 211 Ala. 363, 100 So. 637; Stearnes v. Woddall, 218 Ala. 128, 117 So. 643.

"And if a conveyance of his holding is sufficient to include the strip thus acquired, it will pass under it. But what is the result if the description in the conveyance is not sufficient to include this acquired strip? That is our question here.

"It is of course true that no act or even agreement of the parties can take the land out of section 11 and put it in section 14. And while the boundary line between adjacent land owners may be fixed and changed by agreement or by adverse possession, they cannot relocate a section line as surveyed by the Government surveyors. So that if the land was in section 11 as thus surveyed, it has so remained and still is thus situated. And the parties both treat it so. It follows that a conveyance of land described as in section 14 does not on its face include land in section 11. But can it be treated as an appurtenant to the land in section 14, so as to pass with a conveyance of it?

"This question has been treated by the authorities which declare that as a rule a grantee can acquire by his deed only the land described in it, and does not acquire by way of appurtenant land outside such description. But that when a boundary line is mobile, such as a water course—though it may shift—a deed conveys the land up to such shifting line as it does up to a fixed line. Jones v. Johnston, 18 How. 150, 15 L.Ed. 320.

\* \* \* \* \* \*

"And so when the land is described by Government numbers, the deed does not purport to convey an area outside of such described land. For in Humphreys v. McKissock, 140 U.S. 304, 11 S.Ct. 779, 781, 35 L.Ed. 473, it was said, quoting from Woodhull v. Rosenthal, 61 N.Y. 382, 390, that 'land can never be appurtenant to other land, or pass with it as belonging to it. All that can be reasonably claimed is that the word "appurtenance" will carry with it easements and servitudes used and employed with the lands for whose benefit they were created. Even an easement will not pass unless it is necessary to the enjoyment of the thing granted.'

"This does not conflict wtih the principle that when shifting boundaries gradually change, the tract embraces land thereby added."

Appellee claims title by a deed describing the land conveyed by government sections or parts thereof. He could, therefore, under the principles above stated have acquired no title in the disputed area which his predecessors in title acquired by adverse possession. Appellee's rights depend upon his own possession of the disputed strip. Furthermore, if appellee acquired title to the disputed parcel of land, on the record before us, he acquired title to all and not a part of it.

The decree of the lower court is reversed and the cause remanded for the reason that there is no evidence in the record to support the boundary line as fixed by that court.

Reversed and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.