329 So.2d 536

Hamilton **CATRETT**

v.

**J. A. CRANE.**

**J. A. CRANE**

v.

Hamilton **CATRETT.**

**SC 1390, 1390–X.**

Supreme Court of Alabama.

March 19, 1976.

Taylor D. Wilkins, Jr., Bay Minette, for appellant.

Chason, Stone, Chason & Partin, Bay Minette, for appellee and cross-appellant.

SHORES, Justice.

This is an appeal from a decree fixing the boundary line between coterminous landowners. Both sides submit that the trial court must be reversed.

Plaintiff-appellant filed the suit alleging that a dispute existed between him and the defendant-appellee as to the boundary between their respective properties. The property of both parties begins at a point described as "The Southeast corner of the Southwest One-quarter of Section 35, Township 1 North, Range 2 East." Thus, the real dispute between the parties is the location of the one-half section on the South line of Section 35.

Both parties obtained their property in the late thirties from a common owner. The original tract was known as the "Gerald Hall Tract." The plaintiff contended that there had been a dispute over the boundary for many years. It was his testimony that both sides agreed to have a survey made of both pieces of property to determine the proper line. Both agreed that Mr. Tunstall Bryars, a surveyor of many years' experience, should make the survey. When his survey was complete, the defendant disagreed with the boundary fixed by Mr. Bryars. He then proceeded to cut timber on the disputed portion of the land and this suit followed. Defendant subsequently hired another surveyor.

The major dispute between these neighboring landowners is the true location of the half section corner of Section 35 since both deeds call for that beginning point. Mr. Bryars testified that the government field notes call for a distance of 5,280 feet along the South boundary of Section 35. He located the half section corner on the South line of Section 35 by locating the established one-half section corner due North on the North line of Section 35. He

also located from an established corner the Southeast corner of Section 35 and measured a distance of 2,640 feet West. When he completed running the North/South one-half section line, it intersected the South boundary of Section 35, a distance of 12.4 feet West of the stake he had set on that line by measuring 2,640 feet from the Southeast corner of Section 35. Thereafter, he ran West along the South line of Section 35 a distance of 2,652.5 feet where he found an old railroad iron with painted lines going in two directions. It was his opinion that this stake marked the Southwest corner of Section 35.

The defendant contended that the true corner of the half section line was some 309 feet West of the corner fixed by Mr. Bryars and marked by an old pipe in a fence row. He contended that this corner had for many years been accepted as the true half section corner. The defendant's surveyor did not attempt to locate the half section corner but made his survey from that old pipe, accepting it as the true half section corner.

The case was tried to an advisory jury which found in favor of the plaintiff, thus agreeing with the Bryars' survey. The trial court thereafter entered its judgment finding:

"I. That the 'Gerald Hall Tract' was thought to have contained 38 acres, more or less, when in fact said tract contained 51 acres, more or less. That the Plaintiff purchased 13 acres of said tract which constitutes approximately ⅓ of what was considered as 38 acres and the Defendant purchased 25 acres or approximately ⅔ of what was considered to be 38 acres.

"J. That since the 'Gerald Hall Tract' contained approximately 13 acres more than was known to the owners thereof, that this matter should be resolved by awarding to the Plaintiff 4½ acres or approximately ⅓ of the excess

lands contained in said tract and by awarding to the Defendant the balance of said property or approximately ⅔ of the excess lands contained in said tract."

The court then went on to order the parties to exchange deeds to accomplish such a division of the disputed property.

There was evidence to support the plaintiff's version of the true boundary between his property and that of the defendant. The jury apparently believed this evidence. Of course, its finding was advisory only. *White v. Berrey*, 266 Ala. 379, 96 So.2d 725 (1957). There was also evidence to support the defendant's contention that the old pipe in the fence row was considered for many years to mark the true half section corner. But the effect of the trial court's judgment is to fix the boundary line at neither of the points supported by the evidence.

Both sides to this appeal assert that the cause must be reversed. We agree. In *Wilson v. Cooper*, 256 Ala. 184, 54 So.2d 286 (1951), the trial court fixed the boundary line between coterminous owners equidistant between the lines asserted by each. In reversing, we said:

"We are unable to find any evidence in the record to support the decree. In fact, neither party claims that the line established by the trial court is the true boundary line dividing their lands, nor did either party offer evidence to prove that such a line was the true line." (256 Ala. at 185, 54 So.2d at 287)

The same is true here. There is no evidence to support the line fixed by the trial court. Neither party to this appeal claims that the line fixed is the true line. Neither offered any evidence to establish such a line. Both parties agree that the cause must be reversed. Each asks this court to fix the line as contended for by each of them. We cannot fix the line, but do reverse and remand the cause to the trial court for the establishment of the boundary

between the lands of these parties, based upon evidence to support such line as fixed.

REVERSED AND REMANDED.

HEFLIN, C. J., and MERRILL, MAD-DOX and JONES, JJ., concur.