MADDOX, Justice.
This appeal involves a boundary line dispute which has been raging for almost *869 three decades. This is the third lawsuit involving the dispute.
The first suit was brought by one Bass, Jardine’s predecessor in title, against Vasko, in 1952. In that action, Bass succeeded in getting title to the peninsula located east of the line designated as “disputed boundary” on Appendix A attached hereto.
A second action was filed by Vasko against Jardine in 1973. In this action, Vasko claimed Jardine had trespassed by building a boathouse and bulkhead on his land. After a trial, a jury found in favor of Jardine.
This third suit was generated when Vas-ko put up a three-strand barbed wire fence along the line designated “disputed boundary” in Appendix A, and put “No Trespassing” signs on the fence. Jardine sued Vas-ko, and asked the court to order the fence and signs removed and to issue a permanent injunction against Vasko.
Vasko answered the complaint and alleged that the deed descriptions were ambiguous, that he had not trespassed, and that he was not ignoring the previous legal judgments. Vasko also asked for a declaratory judgment to “settle once and for all the issues in this suit.”
The trial court granted Jardine’s motion for summary judgment and permanently enjoined Vasko from entering onto Jar-dine’s land. Vasko appealed and this Court reversed and remanded the cause for trial on the merits. Vasko v. Jardine, 346 So.2d 962 (Ala.1977).
The trial judge heard the case ore tenus. Both parties, two surveyors and several lay witnesses testified concerning the boundary. They described the location of various fences and monuments, the construction of the boathouse and the bulkhead and the results reached in the previous lawsuits. Both surveyors testified that the clause in the deed descriptions was erroneous. The trial judge noted at the close of the testimony that he considered himself bound by the decisions of the two prevous eases. He stated:
“. . Yes, I think both of you gentlemen know, and I think you have advised your clients that it will be my responsibility to examine these prior decrees and be bound by what they say. I notice this litigation has been going on for quite a while. That is still the law and I am going to have to be bound by what it is. I haven’t had an opportunity to go through them, but as I asked you, you will get the pertinent information out of those files and any exhibits, maybe plats, showing what the old slough or basin looked like. You might give them to the reporter and introduce them. But primarily I am afraid I have got to first see what the prior decrees have said and then if they have left anything out — well, I will make a decision.”
In his final decree the trial judge found the property line was “vague and indefinite and should be established by this decree.” The court found for the complainant Jar-dine by fixing the disputed line along the bulkhead constructed by Jardine.
The sole issue presented on this appeal is whether the findings made by the trial court were palpably wrong or manifestly unjust. We have carefully reviewed the transcript of the evidence, the exhibits and the briefs of the parties, and we are of the opinion that the judgment is due to be affirmed. Although the trial judge did not set forth his reasons for arriving at his decision, his findings are well supported by the record in this case. In fixing the boundary as he did, the trial judge necessarily must have considered the judgments entered in the two previous lawsuits and must have felt bound by those decisions. *870 Obviously, a court may not arbitrarily choose a boundary line between two parcels of property, Catrett v. Crane, 295 Ala. 337, 329 So.2d 536 (1976), but in the instant case, in view of the ambiguities in the deed description, and in view of the fact that the matter has been litigated twice already, we do not find that the court has fixed the boundary line arbitrarily, as the appellant claims. In short, it is time that the boundary is established, “once and for all.”
In upholding the trial court, we apply the standard of review set forth in Francis v. Tucker, 341 So.2d 710 (Ala.1977):
“Our ore tenus scope of review rule hardly needs repeating nor authority cited to mandate our affirmance of the trial Court’s decree fixing the line in accordance with the Tuckers’ deed of conveyance. It is an oft stated rule that a decree establishing a boundary line need not be supported by a preponderance of evidence. If, under any reasonable aspect of the case, the decree is supported by credible evidence, it is due to be affirmed unless palpably wrong or manifestly unjust. The only weight of the evidence rule invoked by our cases is where the ‘great or decided preponderance of evidence against the decree’ test is applied in determining whether, though supported by some credible evidence, the decree is palpably wrong or manifestly unjust.”
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.
*871 Appendix A