JONES, Justice.
This is the second appeal from a judgment fixing the boundary line between coterminous landowners. In our first review, we reversed the judgment and remanded the cause. Reeves v. Lord, 487 So.2d 879 (Ala.1986) (holding that because of the absence from the record of the defendant’s survey, the judgment was not supported by the evidence).
*12 This suit was initiated by Dudley and Marjorie Reeves, to have the Covington Circuit Court determine the true western boundary of their property, pursuant to Code 1975, § 35-3-1. The eastern boundary of the plaintiffs’ property had been fixed by an earlier judgment. Both parties in the instant appeal submit that the judgment of the trial court in this case must be reversed.
The trial judge entered the following order following an ore tenus hearing:
“The Court finds from the evidence that the boundary line between the lands of the Plaintiffs and the lands of the Defendant is in dispute and the parties asked the Court to establish the true boundary line between the respective lands.
“The Court finds from the evidence that each of the parties hired a licensed surveyor to survey lands of the parties and describe the boundary lines.
“The Court further finds that the surveyors each surveyed the area involved and each one established different lines as the true boundary lines between the parties.
“The Court finds no compelling reason to hold that one survey was more accurate than the other and it is the opinion of the Court that the decree of the Court should divide the lands involved in the disputed area and establish a boundary midway between said surveys.... ”
We agree with the parties that it was improper for the trial court to split the difference between the two surveys and order that the boundary line be drawn accordingly. In Wilson v. Cooper, 256 Ala. 184, 54 So.2d 286 (1951), the trial court tried the same approach of fixing the boundary line between coterminous landowners at a point equidistant between the lines asserted by each party. In reversing, the Court said:
“We are unable to find any evidence in the record to support the decree. In fact, neither party claims that the line established by the trial court is the true boundary line dividing their lands, nor did either party offer evidence to prove that such a line was the true line.”
256 Ala. at 185, 54 So.2d at 287. See, also, Catrett v. Crane, 295 Ala. 337, 329 So.2d 536 (1976).
Although both sides submitted evidence in support of their respective contentions, the record is devoid of any evidence to support the trial court’s judgment. Therefore, the trial court erred to reversal by splitting the difference.
We are convinced by our review of the record, however, that on remand the difference in the results of the two surveys can be readily resolved in favor of one of the parties. The two surveys resulted in lines that were essentially parallel to one another. The difference between the two surveys arises from the different starting points chosen by the two surveyors. The plaintiffs’ surveyor started from a judicial marker, while the defendant’s surveyor started from a point referenced in the original deed.
Both surveyors accurately surveyed the property according to the description contained within the original deed. The question presented to the trial court was whether the survey should begin at the judicial marker set at the conclusion of the prior litigation over the eastern boundary of the plaintiffs’ property.
The property owned by the parties to this dispute was once owned by Addison Frazier as a part of his larger land holdings. In 1916, the property was conveyed to H.H. Frazier. In 1969, by a metes and bounds deed, H.H. Frazier conveyed 14 acres, “more or less,” to his daughter and son-in-law, Jean and Donald Lord (related to ap-pellee Boncile Lord). The Reeveses purchased that 14 acres from Jean and Donald Lord in 1976. In 1980, H.H. Frazier deeded the remainder of his property to Boncile Lord.
Because we do not have before us a record of the proceedings in the 1979 dispute over the eastern boundary line of the plaintiffs’ property, we are unable to discern the legal basis for fixing that boundary at a point to the west of the boundary as it is described in the 1969 deed to and Jean and Donald Lord, and in their deed to the Reeveses in 1976. It is the legal effect *13 of the 1979 judgment that is determinative of the location of the common boundary between the instant parties.
In other words, if Frazier’s 1969 deed contained an error in description that resulted in an encroachment on the property of a third party located immediately to the east of Frazier’s eastern boundary, and the judgment in the earlier litigation fixing that boundary corrected that description and located the correct boundary between these plaintiffs and their neighbors to the east, did the corrected eastern boundary have the effect of relocating the western boundary so that Frazier’s successors in title retained the same quantity of property as conveyed in the 1969 deed? The circumstances revealed by the instant record appear to answer this question in the affirmative, and based upon this assumption, as a necessary incident thereto, Frazier’s 1980 deed to Boncile Lord could not have conveyed more property than Frazier owned, and, thus, the plaintiffs would prevail in this litigation.
Having said this, however, we point out that our instructions on the remand of this cause do not preclude the trial court from re-examining the legal effect of the 1979 adjudication of the eastern boundary of the plaintiffs’ property. For example, if the plaintiffs’ adversary in the 1979 litigation prevailed on the theory of adverse possession rather than a misdescription in Frazier’s 1969 deed, a different result would obtain in that the corrected location of the eastern boundary of the plaintiffs’ property would not have the effect of retaining in the plaintiffs the same quantity of property as described in their 1976 deed; thus, the defendant Lord would prevail in the instant litigation. This determination must be made by the trial court on the remand of this cause.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.