This is a boundary line dispute case. The issue before this Court is whether the judgment of the trial court, establishing the survey line as the true boundary, was contrary to the weight of the evidence and the law.
The parties in this case are coterminous landowners. The land line in dispute is the western boundary of Loyd Parmer Owens and Dona M. Owens's property, and the eastern boundary of Fred Todd's property. The Owenses contend that the boundary line is an old fence line that lies several feet to the west of the line described in their deed. Todd argues that the boundary line is the eastern line of the Owenses' property as that line is described in the deed by which Loyd Owens received the property in 1954.
The facts are as follows: Fred's parents, J.R. "Roscoe" Todd and his wife Myrtle Lou Todd, conveyed certain property to Loyd P. Owens by deed dated June 22, 1954.[1]
Roscoe Todd retained title to the property west of the Owenses' land. In 1984, Fred Todd purchased his parents' land from their estate. He had a survey of the land made by Billy Grizzard. That survey showed the eastern land line of Todd's property the same as the Owens's deed described the western boundary line to their property. Subsequently, Todd began putting up fence posts along the land line as described in the Grizzard survey and the Owens's deed. The Owenses sued Todd, claiming Todd had encroached upon the Owens land and that the true and correct boundary line should be the old fence line.[2] *Page 535 
The trial court, in a nonjury trial, found in favor of the Owenses and ordered their surveyor, Cassidy Engineering Associates, to describe the true and correct boundary line between the parties. The trial court adopted Cassidy's survey in its order:
 "Commence at the southwest corner of the Northeast Quarter of the Northwest Quarter of Section 16, Township 16 South, Range 12 East and run North 89 degrees 59 minutes 56 seconds East 209.49 feet to an iron pin which is the point of beginning of this property line; thence along a new fence line more particularly described as follows:
 "North 12 degrees 00 minutes 23 seconds West 302.60 feet to a point; thence North 12 degrees 40 minutes 13 seconds West 365.00 feet to a point; thence South 77 degrees 17 minutes 54 seconds West 7.51 feet to a point on an old fence line; thence along said old fence line more particularly described as follows:
 "North 12 degrees 42 minutes 06 seconds West 28.38 feet to a point; thence north 14 degrees 13 minutes 13 seconds West 202.58 feet to a point; thence North 13 degrees 55 minutes 49 seconds West 79.40 feet to a point; thence North 13 degrees 54 minutes 45 seconds West 125.69 feet to a point; thence North 12 degrees 33 minutes 27 seconds West 33.59 feet to a point; thence North 09 degrees 51 minutes 15 seconds West 51.53 feet to a point; thence North 11 degrees 21 minutes 45 seconds West 82.69 feet to a point; thence North 12 degrees 32 minutes 55 seconds West 25.36 feet to a utility pole; thence North 04 degrees 20 minutes 47 seconds West 86.04 feet to an iron pin which is the point of ending of this property line. All being located in Cleburne County, Alabama."
Todd appealed, contending that the trial court erred in adopting the survey that "followed the deed line for over 600 feet on the southern portion of the disputed boundary line, and followed a portion of the old fence line up to where it had originally attached to a barn on the property," because, he says, "both parties said the old fence line ran all the way to the southern corner of the property and that it looped over onto the [Owenses'] land where it circled a creek or pond." It appears as though the Owenses also dispute the trial court's judgment, contending that the trial court should have determined that the old fence line, as a whole, was the boundary. However, the Owenses submit that "[i]f any error has occurred in this case it only prejudices the Owenses" and, because they did not appeal, it is not a concern here.
The law applicable to this case has been stated by this Court in numerous cases:
 " '[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court's conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.' Tidwell v. Strickler, 457 So.2d 365, 367 (Ala. 1984) (citations omitted)."
Garringer v. Wingard, 585 So.2d 898, 899 (Ala. 1991). The presumption of correctness is especially strong in boundary line dispute cases because it is difficult for the appellate court to review the evidence in such cases. Bearden v. Ellison,560 So.2d 1042 (Ala. 1990). Moreover, the presumption is further enhanced if the trial court personally views the property in dispute, as was done here. Bell v. Jackson,530 So.2d 42 (Ala. 1988); Wallace v. Putman, 495 So.2d 1072, 1075
(Ala. 1986).
After a careful review of the evidence in this case, we find it clear that the trial court tried to effect a compromise. Todd argues that such a compromise effectually fixes the boundary line at neither of the points supported by the evidence, and that such a compromise is cause for reversal, citing Catrett v. Crane, 295 Ala. 337, 329 So.2d 536 (1976). InCatrett, the trial *Page 536 
court created a totally new boundary line equidistant between the two disputed survey lines; this Court reversed, holding that there was no evidence to support the line fixed by the trial court. Id. at 338, 329 So.2d 536. However, this is not what we have in the case before us.
In this case the trial court found that the evidence supported a finding that for approximately one-half of the line the old fence line was the boundary, and for approximately the second half of the line the court determined that the deed line was the true boundary. Neither party claims that the line fixed is, in its entirety, the true line; however, if any error has occurred in this case, it prejudices only the Owenses, and they did not appeal.
Having reviewed the evidence in this case, we conclude that the record contains credible evidence to support the trial court's finding as to that portion of the boundary line involved in this appeal; therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.
[1] At the time Owens purchased the property, the old fence which he claims is the boundary line between the two properties was already in existence, although not mentioned in the deed.
[2] In June of 1989 the trial court judge granted the motion of Dona Owens (the wife of Loyd P. Owens) to add her as a party plaintiff on the grounds that she is a real party in interest and that she owns an undivided one-half interest in the property in dispute by way of a survivorship deed executed in June 1985.