The defendant Buster James appeals a judgment insofar as it (1) established the western boundary line of James's property; and (2) declared that James did not have an easement to use a portion of a concrete driveway on the property of the plaintiff Henry "Butch" Brewster. We affirm in part, reverse in part, and remand.
On June 9, 1997, Hubert Steadman and Carrie Steadman, a married couple, deeded to James a parcel of real property in St. Clair County. James's property was adjacent to, and generally east of, property the Steadmans retained. Both James's property and the property the Steadmans retained were located generally north of U.S. Highway 78 ("the highway"). A house, a garage, a concrete driveway, and a fence line were located on the property the Steadmans retained. The house faced the highway. The garage was located to the northeast of the house. The concrete driveway ran northward from the highway along a route that passed the western side of the Steadmans' house and then turned eastward and ran behind the house to the garage and another building. The fence line began at the eastern boundary of the concrete driveway and ran westward along the southern boundary of the property the Steadmans retained.
The same day they executed the deed to James, the Steadmans executed an amendment of that deed. The amendment stated:
 "No portion of the aforementioned 3½ acres [i.e., the property deeded to James] shall come within 15 feet of existing Steadman garage, nor closer than 50 feet from the existing Steadman home, and shall be in a straight line to the existing fence at existing ditch.
 "The seller agrees that the existing driveway may be used by both parties (the Grantor and the Grantee). The Grantor additionally grants an easement across the property of the Grantor for a city water line to the Grantee's property *Page 596 
and for a driveway no wider than 15 feet in front of the existing Steadman house to the Grantee's property."
James moved a mobile home onto his property and began living there. Later in 1997, Hubert Steadman died. Carrie Steadman died in 1998. Upon the death of Carrie Steadman, Brewster inherited the Steadmans' property. After he inherited the Steadmans' property, Brewster placed chert[1] on a route running in front of the house and connecting the existing concrete driveway with James's property. Thereafter, Brewster objected to James's using the portion of the concrete driveway that was north of the intersection of the concrete driveway and the chert driveway ("the intersection"). However, he did not object to James's using the portion of the concrete driveway between the highway and the intersection or the route running in front of the house where Brewster had placed the chert.
James continued to use the portion of the concrete driveway that was north of the intersection, and, on January 29, 2001, Brewster sued James. Brewster alleged that James's use of the concrete driveway north of the intersection constituted trespass. Answering, James denied that his use of that portion of the concrete driveway constituted trespass.
On August 16, 2005, the case was tried by the trial judge sitting without a jury. The trial judge received evidence ore tenus as well as evidence in the form of documents.
Brewster introduced two surveys. One was prepared for him by registered surveyor S.M. Allen in 2000 ("the 2000 survey"). The other survey was prepared for Brewster by Allen in 2003 ("the 2003 survey"). Allen testified that the 2000 survey showed the boundaries of Brewster's property based on the deeds of record and the landmarks located on the property. The 2000 survey depicted the boundary line between Brewster's property and James's property as running in a generally southeasterly direction from a point on the north line of the Northwest Quarter of the Southwest Quarter of Section 2, Township 17 South, Range 2 East, St. Clair County, Alabama, to a point on the fence line that ran along the southern boundary of Brewster's property.
Allen testified that he had prepared the 2003 survey to depict a boundary line between Brewster's property and James's property that was based on a proposed compromise of the dispute between Brewster and James rather than the evidence regarding the location of the true boundary line.
James introduced a survey that had been prepared for him by registered surveyor Robert Darty ("the Darty survey") in 2005. Darty testified that his survey showed the boundaries of James's property according to Darty's interpretation of James's deed and the amendment of "that deed. James also introduced his deed and the amendment of that deed.
In addition to receiving evidence ore tenus and evidence in the form of documents, the trial court viewed the parties' properties.
On September 19, 2005, the trial court entered a final judgment. In pertinent part, the judgment stated:
 "Upon consideration of the testimony, exhibits and arguments of counsel and the Court having taken judicial knowledge *Page 597 
of its file, the Court finds as follows:
 "1. Defendant Buster James was conveyed property by that certain deed dated June 9, 1997, which is recorded in Deed Record 597032635 in the Office of the Judge of Probate of St. Clair County, Alabama. Said deed was admitted into evidence as [James's] Exhibit # 1.
 "2. The description contained in said deed is vague and imprecise and is subject to different interpretations.
 "3. The Court believes the [Steadmans] in said deed intended the West boundary line of [James's] property to be as depicted on the survey by S.M. Allen dated August 10, 2003, which was admitted into evidence as [Brewster's] Exhibit #2. Said boundary line runs roughly in a Southeasterly direction and extends from the North line of the Northwest Quarter of the Southwest Quarter of Section 2, Township 2 South, Range 2 East to a point on the North right-of-way of old U.S. Highway 78 (also known as Bankhead Highway).
 "4. As to [Brewster's] trespass claims, the Court finds [James] could have reasonably believed that he had an easement across the entire length of the concrete driveway and therefore the Court finds [James] is not guilty of trespass. Furthermore, even if [James] was guilty of trespass, the Court finds that [Brewster] has suffered no damages.
 "5. The deed to [James], which was admitted into evidence as [James's] Exhibit # 1, granted to [James] an easement across [Brewster's] property for a driveway fifteen (15) feet in width in front of the existing Steadman home to [James's] property.
 "6. The survey by Robert Darty dated April 25, 2005, which was admitted into evidence as [James's] Exhibit # 5, depicts an area labeled as `chert drive.'
 This driveway runs East and West, parallel to U.S. Highway 78 and lies between the residence located on [Brewster's] property and U.S. Highway 78 (Bankhead Highway). The Court finds [James] is entitled to an easement across the existing concrete driveway from the North right-of-way of U.S. Highway Number 78 to the `chert drive.' [James] is also entitled to an easement across the `chert drive' fifteen (15) feet in width, which [James] may pave or otherwise improve at his sole cost and expense.
 7. The Court finds [James] does not have an easement across the remainder of the concrete driveway which runs past the residence on [Brewster's] property. It is therefore CONSIDERED, ORDERED AND ADJUDGED as follows:
 "1. The documents which were admitted into evidence at the trial of this matter are referred to as if fully set forth herein.
 "2. The West boundary line of [James's] property is judicially established as depicted on [Brewster's] Exhibit # 2, the Allen survey dated August 10, 2003.
 "3. As to [Brewster's] trespass claims, judgment is entered for [James] and against [Brewster].
 "4. [James] is entitled to an easement across the existing concrete driveway from the North right-of-way of U.S. Highway Number 78 to the `chert drive' area depicted on [James's] Exhibit # 5, the survey by Robert Darty dated April 25, 2005. [James] is also entitled to an easement across the `chert drive,' said easement being 15' in width which is to extend 7½ North and South from the centerline of the `chert drive' area on said survey. [James] may pave or *Page 598 
otherwise improve the easement as he sees fit, at his sole cost and expense.
 "5. [James] is ordered to cease using the remainder of the concrete driveway beyond the area described in paragraph 5 [sic] above."
(Emphasis added.)
James moved the trial court to alter, amend, or vacate the judgment; however, the trial court denied that motion. James then appealed to the supreme court. Brewster did not cross-appeal. The supreme court, pursuant to § 12-2-7(6), Ala. Code 1975, transferred James's appeal to this court.
On appeal, James first argues that the trial court erred by judicially establishing the boundary line between the parties' properties in the absence of a claim seeking such relief in Brewster's complaint. However, the record reflects that James's own counsel represented to the trial court at trial that the location of the boundary line was an issue in the case. A party may not induce error by the trial court and then later win a reversal on the basis of that error. Neal v. Neal,856 So.2d 766, 784 (Ala. 2002) ("A party cannot win a reversal on an error that party has invited the trial court to commit.");Atkins v. Lee, 603 So.2d 937, 945 (Ala. 1992) ("A party may not predicate an argument for reversal on `invited error,' that is, `error into which he has led or lulled the trial court.' Dixie Highway Express, Inc. v. Southern Ry.,286 Ala. 646, 651, 244 So.2d 591, 595 (1971); see also StateFarm Mutual Automobile Ins. Co. v. Humphres, 293 Ala. 413,418, 304 So.2d 573, 577 (1974)."). Accordingly, James's first argument has no merit.
James also argues that the trial court erred in finding that the boundary line was located where it is depicted on the 2003 survey because, James says, the evidence does not support that finding. First, James argues that that finding is not supported by the evidence because Brewster did not introduce deeds establishing his title to the property he claimed to own. However, Brewster testified that he inherited the property depicted on the 2000 survey from Carrie Steadman. James has not cited to us any legal authority for the proposition that Brewster's testimony alone was insufficient to establish his title to the property he claimed.
 "Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant's brief contain `citations to the cases, statutes, other authorities, and parts of the record relied on.' . . . [I]t is well settled that a failure to comply with the requirements of Rule 28(a)(10) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments. Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001)."
State Farm Mut. Auto. Ins. Co. v. Motley,909 So.2d 806, 822 (Ala. 2005).
James next argues that the trial court's finding that the Steadmans intended the boundary line to be the one depicted on the 2003 survey was unsupported by the evidence. James argues that the 2003 survey depicted a compromise boundary line rather than the true boundary line as established by the evidence.
In Todd v. Owens, 592 So.2d 534 (Ala. 1991), the supreme court stated the law that governs our review of this issue:
 "`"[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court's conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust." Tidwell *Page 599 v. Strickler, 457 So.2d 365, 367 (Ala. 1984) (citations omitted).'
 "Garringer v. Wingard, 585 So.2d 898, 899
(Ala. 1991). The presumption of correctness is especially strong in boundary line dispute cases because it is difficult for the appellate court to review the evidence in such cases. Bearden v. Ellison, 560 So.2d 1042 (Ala. 1990). Moreover, the presumption is further enhanced if the trial court personally views the property in dispute, as was done here. Bell v. Jackson, 530 So.2d 42
(Ala. 1988); Wallace v. Putman, 495 So.2d 1072, 1075 (Ala. 1986)."
592 So.2d at 535.
In Catrett v. Crane, 295 Ala. 337, 329 So.2d 536
(1976), the trial court had created a totally new boundary line equidistant between the two disputed survey lines. On appeal, the supreme court reversed, holding that there was no evidence to support the line fixed by the trial court. 295 Ala. at 338,329 So.2d 536.
On the other hand, in Todd v. Owens, supra, the trial court found in favor of the Owenses in a boundary-line dispute. However, instead of fixing the boundary line entirely where the Owenses' evidence established that the true boundary line was located, the trial court fixed one portion of it where the Owenses' evidence established that it was located and fixed another portion of it where Todd's evidence established that it was located. Todd appealed, but the Owenses did not cross-appeal. The supreme court explained and held:
 "After a careful review of the evidence in this case, we find it clear that the trial court tried to effect a compromise. Todd argues that such a compromise effectually fixes the boundary line at neither of the points supported by the evidence, and that such a compromise is cause for reversal, citing Catrett v. Crane, 295 Ala. 337, 329 So.2d 536 (1976). In Catrett, the trial court created a totally new boundary line equidistant between the two disputed survey lines; this Court reversed, holding that there was no evidence to support the line fixed by the trial court. Id. at 338, 329 So.2d 536. However, this is not what we have in the case before us.
 "In this case the trial court found that the evidence supported a finding that for approximately one-half of the line the old fence line was the boundary, and for approximately the second half of the line the court determined that the deed line was the true boundary. Neither party claims that the line fixed is, in its entirety, the true line; however, if any error has occurred in this case, it prejudices only the Owenses, and they did not appeal.
 "Having reviewed the evidence in this case, we conclude that the record contains credible evidence to support the trial court's finding as to that portion of the boundary line involved in this appeal; therefore, the judgment of the trial court is due to be affirmed."
592 So.2d at 535-36.
In the case now before us, it appears that at least a portion, if not all, of the boundary line depicted in the 2003 survey was a proposed compromise that was not based on evidence of the actual location of the boundary line. Therefore, the holding inTodd v. Owens is not applicable in the case now before us, and on the authority of the holding in Catrett v.Crane, we must reverse the trial court's judgment insofar as it fixes the location of the boundary line.
James also argues that the trial court erred in holding that he did not have the right to use the portion of the concrete driveway located north of the intersection. James argues that the Steadmans granted him an easement to use the entire concrete driveway in the amendment of his deed. *Page 600 
The trial court apparently found that the language of the amendment conferred upon James only a license to use the concrete driveway instead of an easement and that Brewster, the Steadmans' successor in title, had revoked that license with respect to the portion of the concrete driveway lying north of the intersection.[2] In determining whether an instrument creates an easement or a mere license, the intent of the parties to the instrument is the critical factor to consider. SeeBoyce v. Cassese, supra. With regard to James's use of the concrete driveway, the amendment merely states, "The selleragrees that the existing driveway may be used
by both parties (the Grantor and the Grantee)." Thus, the amendment neither characterizes James's use of the concrete driveway as an easement nor uses the traditional language used to convey an interest in real property. The language is more consistent with a grant of permission to use the concrete driveway than a grant of an interest in real property.
On the other hand, the amendment expressly grants James an easement for a driveway in front of the Steadmans' house:
 "The Grantor additionally grants an easement
across the property of the Grantor for a city water line to the Grantee's property and for a driveway no wider than 15 feet in front of the existing Steadman house to the Grantee's property."
(Emphasis added.)
Given the language of the amendment, we find no error in the trial court's implicit findings that the Steadmans intended James's right to use the concrete driveway to be only a license rather than an easement and that Brewster had revoked that license with respect to the portion of the driveway lying north of the intersection. Cf. Boyce v. Cassese.
We reverse the judgment of the trial court insofar as it held that the 2003 survey depicted the location of the boundary line between the parties' properties. In all other respects, we affirm the judgment of the trial court. Finally, we remand the case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Merriam-Webster's Collegiate Dictionary 212 (11th ed.2003), defines chert as "a rock resembling flint. . . . "
[2] In Boyce v. Cassese, 941 So.2d 932 (Ala. 2006), the supreme court quoted Jon W. Bruce James N. Ely, Jr.,The Law of Easements and Licenses in Land (West Group 2001), as follows regarding the difference between a license and an easement:
 "§ 1:4 — Fundamental difference
 "`A license is often defined as permission to do an act or a series of acts on another's land that, absent authorization, would constitute trespass. Because permission is the voluntary grant of a personal privilege, the landowner may usually revoke consent at any time and thereby terminate the license. Given their revocable nature, licenses generally are not considered to reach the status of interests in land. In contrast, easements are irrevocable interests in land of potentially perpetual duration.'"